UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEFFERY WILLIAMS,

                                    Plaintiff,                    **Caso No.** 1:25-cv-10124

        -against-

16 BEDFORD CORP. d/b/a ARIA
and 14 BEDFORD OWNER LLC,                                 **COMPLAINT AND DEMAND**
                                                              **FOR JURY TRIAL**

                                    Defendants
-----------------------------------------------------------------x

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as

and for the Complaint in this action against defendants 16 Bedford Corp. d/b/a Aria and 14 Bedford

Owner LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.        This action arises from defendants' ongoing refusal to operate their

restaurant in a manner that affords equal access to people with disabilities. Plaintiff seeks

declaratory, injunctive and equitable relief, along with monetary damages and attorney's fees,

expenses and costs, because defendants have violated Title III of the Americans with

Disabilities Act, 42 U.S.C. §§ 12181 et seq., its implementing regulations, the New York State

Executive Law, New York State Civil Rights Law, and the New York City Administrative

Code. Defendants own, lease, lease to, operate and control a public accommodation that fails

to meet the basic accessibility requirements imposed by these statutes. They are legally

responsible for the conduct of their employees and agents, and the discriminatory conditions

described in this complaint are the direct result of defendants' choices.

2.        Rather than bring their public accommodation into compliance, defendants

opted to disregard clear statutory mandates designed to guarantee access for individuals with

1

disabilities. That decision was economic, deliberate and unlawful. It communicated to disabled patrons that their presence is not valued and their participation in everyday New York City life is optional. Plaintiff brings this case to correct that violation and ensure that defendants' establishment is made fully accessible so he can enjoy the same services and experiences available to customers without disabilities.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because the claims arise under federal law and concern the deprivation of rights secured by the ADA. The Court may also hear the related New York State and City claims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district under 28 U.S.C. § 1391(b). The discriminatory conditions at issue occur within this district, and the public accommodation at the center of this dispute is located here.

## PARTIES

5.      Plaintiff is and has been a resident of New York County. He sustained a gunshot wound at age thirteen that caused permanent paralysis from the waist down and lasting impairments to his mobility and range of motion. As a result, he uses a wheelchair for daily movement.

6.      Defendants operate, lease, lease to, and otherwise control the property located at or about 16 Bedford Street, New York, New York 10014, referred to in this complaint as the Premises. Each defendant conducts business in New York State and, at all relevant times, has operated a place of public accommodation at the Premises.

2

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7.      Each defendant qualifies as a public accommodation because they own, lease, lease to, control or operate the Premises within the meaning of 42 U.S.C. § 12181 and 28 C.F.R. § 36.104, as well as Executive Law § 292(9) and Administrative Code § 8-102(9). The Premises itself is also a public accommodation because it is operated by a private entity whose operations affect commerce.

8.      A series of architectural barriers exist throughout the Premises that block or limit the plaintiff's ability to enter and use the establishment. Upon information and belief, the Premises was designed and built for first occupancy after January 26, 1993. Upon further information and belief, defendants performed alterations after January 1992, including work affecting areas adjoining or connected to the public accommodation. Plaintiff believes the Premises has undergone additional alterations at various times following that date.

9.      Upon information and belief, portions of the Premises were altered after the ADA became effective. Under 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, any such altered area, along with the associated path of travel, was required to be made accessible to the maximum extent feasible. Compliance was required under the 1991 Standards for Accessible Design if the alterations were completed before March 15, 2012, and under the 2010 Standards for Accessible Design if the alterations occurred on or after that date. The only permissible defense is technical infeasibility. To the extent any altered area fails to comply with the applicable Standards, it remains in violation of Title III.

10.      Plaintiff is an active New York City resident who often travels through the neighborhood where the Premises is situated. Although paralyzed from the waist down, he is able to drive independently using a vehicle equipped with hand controls, allowing him to move

throughout the city with relative ease. He frequents this area for dining, spending time with family, social activities, and everyday shopping.

11.     On or about September 6, 2025, plaintiff attempted to dine at defendants' restaurant, drawn in part by its menu and wine selection and looking forward to trying dishes such as the calamari. He was unable to enter due to existing barriers. Those same barriers remain in place today. At the main entrance, plaintiff encountered a step with no accessible route and no method to alert anyone inside for assistance. The experience left him embarrassed and singled out. Despite this, he intends to return once the Premises is brought into compliance.

12.     The Premises is located less than an hour from plaintiff's home. Its features, amenities and customer areas are not accessible to him as required by 28 C.F.R. Part 36, Appendix A, the 1991 Standards, and the 2010 Standards. Defendants have not brought the Premises into compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York, or the 2014 New York City Construction Code.

13.     The barriers plaintiff encountered, and those that deter him from returning, include but are not limited to the following:

14.     The entrance is inaccessible, and no accessible route leads from the sidewalk into the establishment. No accessible means of egress is provided, and the step at the entrance creates a level change that must be ramped. Defendants have not provided the required ramp. These violations correspond to 28 C.F.R. Part 36 requirements including Sections 206, 402, 404, 303, 405 and 406, as well as IBC provisions on accessible means of egress. Entrances must be on accessible routes, doors must comply with Section 404, and any change in level over one-half inch must be ramped.

15.    Dining tables inside and outside the Premises lack compliant knee and toe clearance, and the required minimum percentage of accessible seating is not provided. These violations fall under 28 C.F.R. Part 36 Section 902, which mandates that at least five percent of dining surfaces comply with 902.2 and 902.3, with clear floor space under Section 305 and knee and toe clearance under Section 306.

16.    The bar is inaccessible. Its height exceeds the permitted maximum, and the bar does not provide the necessary portion that must meet accessible dining surface requirements. Sections 902.2 and 902.3 require appropriate surface height, clear floor space, and knee and toe clearance; these standards apply to bars and similar dining surfaces.

17.    Restroom signage is noncompliant. Required tactile and visual signage identifying permanent rooms, including restrooms, is not provided in accordance with 28 C.F.R. Part 36 Section 216 and Section 703. These provisions govern placement, tactile requirements, pictograms, character height, and mounting location.

18.    The restroom mirror is mounted too high, exceeding the maximum height allowed by the 2010 Standards. Mirrors above lavatories must have the bottom edge of the reflecting surface no higher than 40 inches above the finished floor.

19.    Required grab bars on the side and rear walls of the water closet are missing, violating Section 609, which mandates grab bars on both the side wall closest to the water closet and the rear wall.

20.    Pipes and water lines under the restroom lavatory are uninsulated, contrary to Section 606.5, which requires protection against contact and prohibits sharp or abrasive surfaces.

21.    This is not an exhaustive list of all barriers at the Premises. A full inspection

5

will reveal additional violations. To prevent ongoing piecemeal litigation and remedy defendants' systemic noncompliance, plaintiff must inspect the entire space and intends to amend this complaint as necessary once all violations are identified.

22.      Defendants have denied plaintiff the opportunity to benefit from their services on equal terms. Their policies, practices and procedures are not compliant with governing disability laws, and they have not provided reasonable accommodations or modifications.

23.      Plaintiff faces a real and ongoing threat of continued discrimination because the barriers remain and continue to deter him from visiting. He travels through this area frequently and intends to patronize the restaurant multiple times once it becomes accessible, as the Premises offers a distinct dining experience he wishes to enjoy.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

24.      Plaintiff reiterates and incorporates all preceding allegations as though stated in full.

25.      Plaintiff is substantially limited in the major life activities of walking and bodily movement. He relies on a wheelchair for mobility and experiences restricted range of motion because of his spinal injury. He therefore has a disability within the meaning of the ADA.

26.      Both the owner and the lessee of a place of public accommodation are jointly and severally responsible for compliance under 28 C.F.R. § 36.201(b). Neither may shift its obligations to the other through contract, and both defendants are liable to plaintiff for the accessibility violations at the Premises.

27.      Defendants have subjected plaintiff to unequal treatment by denying him full and equal use of their public accommodation because of his disability. Their policies and

practices have also caused a disparate impact on him.

28.     By failing to comply with federal accessibility requirements, defendants have effectively signaled to disabled patrons, including plaintiff, that they are not welcome or valued at the establishment.

29.     Defendants designed, constructed and maintained a facility that is not readily accessible to or usable by individuals with disabilities, contrary to 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1). The Premises does not meet the requirements of the 1991 Standards or the 2010 Standards.

30.     Defendants have not provided an integrated and equal environment for disabled individuals as required by 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

31.     Upon altering areas of their public accommodation, defendants were required to make the altered portions accessible to the maximum extent feasible under 28 C.F.R. §§ 36.402 and 36.406. After altering primary function areas, they were also required to make the associated paths of travel accessible under 28 C.F.R. § 36.403. They did neither.

32.     Section 36.406 mandates compliance with the 2010 Standards for any noncomplying elements and facilities. Defendants failed to meet that obligation.

33.     Defendants also failed to remove barriers where doing so was readily achievable, in violation of 28 C.F.R. § 36.304. Making the Premises accessible is readily achievable.

34.     By not removing architectural barriers that can be corrected without much difficulty or expense, defendants have discriminated against plaintiff under §§ 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

35.     Alternatively, defendants violated 28 C.F.R. § 36.305 by failing to provide reasonable alternatives to barrier removal.

36.    Their continued maintenance of an inaccessible establishment amounts to a pattern and practice of disability discrimination prohibited by 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

37.    Defendants continue to discriminate against plaintiff by operating a public accommodation that is and remains inaccessible.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

38.    Plaintiff repeats and incorporates all prior allegations as if fully set out here.

39.    Plaintiff's medical conditions substantially limit the life activities of walking and body movement, placing him squarely within the definition of disability under Executive Law § 296(21).

40.    Defendants have denied plaintiff the same opportunity to use and enjoy their public accommodation as nondisabled patrons, and have continued to subject him to disparate treatment on the basis of disability.

41.    By maintaining and operating an inaccessible establishment, defendants have engaged in discrimination prohibited by Executive Law § 296(2). Each defendant has also aided and abetted the other in carrying out this unlawful conduct.

42.    Defendants failed to remove readily achievable barriers and to make necessary accommodations or modifications as required by Executive Law § 296(2)(c)(iii). In the alternative, they failed to provide plaintiff with reasonable alternatives to barrier removal, in violation of Executive Law § 296(2)(c)(iv).

43.    It is readily achievable to make defendants' public accommodation compliant with the law, and doing so would not impose an undue hardship or undue burden.

44.    As a direct result of defendants' actions, plaintiff has experienced emotional distress, including humiliation, embarrassment, stress and anxiety, and continues to suffer

these harms.

45.     Plaintiff has sustained damages and will continue to do so in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

46.     Plaintiff repeats and incorporates all prior allegations as though restated here.

47.     Plaintiff's medical conditions impair his bodily systems and substantially limit the life activities of walking and body movement. He therefore has a disability within the meaning of Administrative Code § 8-102(16).

48.     The Local Civil Rights Restoration Act of 2005 clarified that the Administrative Code must be construed broadly and independently of federal and state civil rights statutes. The law instructs that its provisions be read liberally to accomplish their uniquely expansive remedial purpose, without regard to whether other civil rights laws have been read so expansively. Restoration Act § 7, amending Administrative Code § 8-130.

49.     Defendants have subjected plaintiff to both disparate treatment and disparate impact by refusing, withholding and denying the full accommodations, advantages, facilities and privileges of their public accommodation because of his disability, in violation of Administrative Code § 8-107(4). Each defendant has aided and abetted these violations.

50.     Defendants have further discriminated against plaintiff by designing, maintaining and operating a commercial space that is not accessible, in violation of Administrative Code § 8-107(4) and Local Law 58. Their refusal to correct the barriers at the Premises continues to deny plaintiff equal access.

51.     Because defendants have persisted in operating an inaccessible establishment, plaintiff has experienced and continues to experience emotional harm, including humiliation,

9

stress and embarrassment.

52.    Upon information and belief, defendants' long-standing refusal to make their facility accessible has been deliberate, reckless and undertaken with disregard for the rights of individuals with disabilities. By failing to comply with accessibility laws that have been in effect for decades, defendants have signaled to disabled persons such as plaintiff that they are unwelcome and unwanted as patrons.

53.    Defendants engaged in discriminatory conduct with willful or wanton negligence, recklessness or conscious disregard for the rights of others. Plaintiff is therefore entitled to punitive damages under Administrative Code § 8-502.

54.    By choosing not to make their business accessible, defendants have profited from their noncompliance by collecting revenue from a space that should have been brought into compliance at their expense. These unlawful profits, plus interest, must be disgorged.

55.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

56.    Plaintiff repeats and incorporates all prior allegations as if fully set forth here.

57.    Defendants discriminated against plaintiff in violation of the New York State Executive Law. Because that discrimination occurred, plaintiff is entitled to recover the statutory monetary penalties authorized by Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

58.    Plaintiff will continue to face unlawful discrimination so long as defendants fail to comply with the accessibility requirements imposed by federal, state and city law.

Injunctive relief is necessary to require defendants to modify and alter their public accommodation, as well as their policies, practices and procedures, to eliminate the discriminatory conditions described in this complaint.

59.     Injunctive relief is also necessary to ensure that defendants' facilities become readily accessible to and usable by plaintiff in accordance with the ADA, the Executive Law and the Administrative Code.

60.     Further injunctive relief is required to compel defendants to provide auxiliary aids and services, policy modifications, or other alternative methods required under these laws so that plaintiff can fully and safely access the Premises.

## DECLARATORY RELIEF

61.     Plaintiff is entitled to a declaratory judgment identifying each accessibility violation committed by defendants and clarifying the modifications, alterations and policy changes required to bring defendants' public accommodation, facilities, goods and services into compliance with governing law. Plaintiff is also entitled to a declaration regarding defendants' obligations concerning their policies, practices and procedures as they relate to individuals with disabilities.

## ATTORNEY'S FEES, EXPENSES AND COSTS

62.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: December 5, 2025

      Manhasset, New York

                          Respectfully submitted,

                          **GABRIEL A. LEVY, P.C.**
                          Attorney for Plaintiff
                          1129 Northern Blvd, Suite 404
                          Manhasset, NY 11030
                          (347) 941-4715

                          **By:** /s/ Gabriel A. Levy, Esq.
                          **GABRIEL A. LEVY, ESQ (5488655)**
                          Glevy@glpcfirm.com